5041. SEABOARD AIR-LINE RAILWAY *v.* LINDSEY.

POTTLE, J. The plaintiff was a passenger on one of the defendant's trains. According to his testimony, he entered one of the coaches, where several persons were smoking, and lit a cigarette. There were one or two female passengers on the train, and the conductor requested the plaintiff to cease smoking. The plaintiff agreed to comply with the request, provided the conductor would compel others in the car to desist from smoking. The conductor failed to compel the others to desist, and used towards the plaintiff harsh and insulting language, and, upon the plaintiff's refusal to stop smoking, stopped the train and ejected him therefrom. The jury were authorized to accept the plaintiff's version of the transaction,

and, under it, the verdict in his favor for $100 was authorized. Under the plaintiff's testimony, the conductor was not in good faith endeavoring to enforce a reasonable regulation of the company; and if others were permitted to smoke on the car, the plaintiff had a right to assume that the conductor was attempting to impose upon him an unwarranted restriction on account of personal grievance directed solely against him, which he had done nothing to provoke. The testimony in the company's behalf makes a different case; but the jury declined to accept its explanation of the occurrence.                              *Judgment affirmed.*

DECIDED SEPTEMBER 17, 1913. REHEARING DENIED SEPTEMBER 23, 1913.

Action for damages; from city court of Atlanta—Judge Reid. June 6, 1913.

*W. G. Loving,* for plaintiff in error.   *Alonzo Field,* contra.

### ON MOTION FOR REHEARING.

POTTLE, J.  Counsel for the plaintiff in error insists that this court misapprehended the evidence, and that the jury were not warranted in finding that persons other than the plaintiff were permitted by the conductor to smoke in the car.  Apparently the preponderance of the evidence is with the defendant, but, under the law, this court has no power to pass upon disputed questions of fact.  From its organization until the present time it has consistently held that if there is any evidence, no matter how slight, to authorize the verdict, this court can not interfere, unless some material error of law was committed.  It is true that in the present case some of the witnesses introduced by the plaintiff himself did not corroborate his version of the transaction; but this was solely a question for the jury.  The plaintiff testified that other persons were permitted by the conductor to smoke, and, under his testimony as a whole, the inference was warranted that the conductor was not attempting to enforce a regulation of the company impartially, but was imposing an unwarranted restriction upon the plaintiff alone. This may not be the truth, but the jury by their verdict say that it is, and this issue of fact is thus foreclosed so far as this court is concerned.  This conflict in the testimony clearly distinguishes the case from that of *Central of Georgia Ry. Co.* v. *Motes,* 117 *Ga.* 923 (43 S. E. 990, 62 L. R. A. 507, 97 Am. St. R. 223), relied on by counsel for the plaintiff in error.                    *Rehearing denied.*